UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEMPER SPORTS MANAGEMENT, INC.,
an Illinois corporation,

        Plaintiff,

   v.

WESTPORT INVESTMENT, LLC, a
Washington limited liability company,

        Defendant.

CASE NO. C07-5468BHS

ORDER GRANTING KEMPER SPORTS MANAGEMENT'S MOTION TO CONSOLIDATE RELATED CASES

    This matter comes before the Court on Kemper Sports Management's Motions to Consolidate Related Cases (C07-5417BHS, Dkt. 11; C07-5468BHS, Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and grants the motions for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    The facts in these matters, according to the complaints, are as follows: On January 10, 2006, Westport Investment, LLC ("Westport") entered into a contract ("the Management Agreement") with Kemper Sports Management, Inc. ("Kemper") providing for the management of five lodging and restaurant businesses leased by Westport. Under the Management

ORDER - 1

Agreement, Kemper would manage Westport's businesses until January 2016 and would negotiate future consulting, construction management, and operations management services for future golf and lodging facilities if such facilities were later developed. In exchange for such performance, Westport agreed to pay Kemper a fixed management fee of $120,000 per year or 5% of the aggregate gross revenues of Westport's businesses, whichever was greater. Westport further agreed to pay Kemper $360,000 in termination compensation if the Management Agreement were terminated without cause prior to the seventh anniversary of its commencement date.

On June 14, 2006, Lanco, LLC ("Lanco), a Westport-related entity, entered into a contract with Kemper ("the Construction Development Agreement") under which Kemper would provide project planning and construction management services for two golf properties owned by Lanco.

In the fall of 2006, Westport temporarily closed its businesses and suspended its development of new golf and lodging facilities. The parties engaged in several discussions regarding early termination of the Management Agreement. In late October of 2006, Westport, Lanco, and Kemper executed the Operations Management Agreement Amendment ("the Amendment"). Under the Amendment, Westport agreed to make certain payments to Kemper in lieu of an early termination fee and agreed to pay the invoice amount owed by Lanco to Kemper.

Kemper contends that, after making one payment under the Amendment, Westport breached the Amendment and Management Agreement by failing to make the remaining payments.

Westport and Lanco contend that Kemper materially breached all of its contracts by failing to timely and accurately provide budget and financial statements and failing to operate the businesses as contemplated under the Management Agreement. Westport and Lanco further contend that Kemper failed to provide services consistent with professional standards of care applicable to construction management under the golf course contract. Westport and Lanco

ORDER - 2

contend that, as a result of Kemper's material breaches, Westport and Lanco are entitled to suspend their performance, terminate the contracts, and recover damages.

On April 17, 2007, Westport and Lanco filed suit against Kemper in Washington State Superior Court alleging breach of contract. C07-5417BHS, Dkt. 1 at 7. The case was removed to federal court on August 10, 2007. Dkt. 1.

On June 26, 2007, Kemper filed suit for breach of contract against Westport in United States District Court for the Northern District of Illinois, Eastern Division. C07-5468BHS, Dkt. 12-4. On September 4, 2007, the case was transferred to the Western District of Washington.

On November 7, 2007, Kemper moved to consolidate the two actions. C07-5417BHS, Dkt. 11; C07-5468BHS, Dkt. 22. On the same day, Westport and Lanco responded to the motions, indicating that they do not oppose consolidation and requesting that the Court designate Westport and Lanco as plaintiffs and Kemper as defendant. C07-5417BHS, Dkt. 12 at 2; C07-5468BHS, Dkt. 23 at 2. Kemper has not filed a reply. The pending motions to consolidate are ripe for decision.

## II. DISCUSSION

Consolidation of cases is governed by Federal Rule of Civil Procedure 42(a), which provides as follows:

> Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). This rule affords courts "broad discretion" to consolidate cases pending in the same district, either upon motion by a party or sua sponte. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

There are important differences between the cases that weigh against consolidation. First, there are different parties. Lanco is not a party to Kemper's complaint. Second, a jury demand has been made in only one of the cases.

ORDER - 3

On the other hand, there are similarities between the two cases that weigh in favor of consolidation. First, Kemper and Westport are parties to both actions. Also, the parties are largely represented by the same counsel in both matters. Second, both actions allege breach of contract under certain agreements and an amendment thereto. Third, the posture of the two cases is similar. The parties have not filed joint status reports in either case, and it appears that no discovery has been conducted. *See* Fed. R. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Finally, and perhaps most importantly, the parties to both actions agree that consolidation is proper. C07-5417BHS, Dkt. 12 at 2; C07-5468BHS, Dkt. 23 at 2.

When viewed as a whole, the two cases are largely opposites of one another. The Court finds that litigating these cases as a consolidated action will avoid unnecessary litigation costs and preserve judicial economy, allow for the efficient resolution of the controversy among the parties, and ensure that inconsistent verdicts do not arise in the two cases. If it appears that consolidation is not the most efficient or fair way of managing the cases, or that separate trials may be necessary, the Court will revisit the issue of consolidation.

Having decided that consolidation is proper, the Court now addresses the manner in which the actions should be consolidated. The Court first addresses the threshold question of whether the cases should be merged. The parties appear to contemplate not only consolidation, but also merger, of the two cases, with the merged case proceeding under one complaint. The legal term "consolidation" is employed in three different contexts: "(1) when several actions are stayed while one is tried, and the judgment in the case tried will be conclusive as to the others; (2) when several actions are combined and lose their separate identities, becoming a single action with a single judgment entered; and (3) when several actions are tried together, but each suit retains its separate character, with separate judgments entered." *Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2382 (2d ed. 1995)). The traditional rule, in place before Federal Rule of Civil Procedure 42(a) was adopted, provided that "consolidation . . . does not merge the suits into a

ORDER - 4

single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). While the language of Federal Rule of Civil Procedure 42(a) apparently permits consolidation either to merge the cases or to retain the separate character of the cases, the majority of courts subscribe to the traditional rule. *Schnabel*, 302 F.3d at 1035; *see also Geddes v. United Financial Group*, 559 F.2d 557, 561 (9th Cir. 1977 (citing *Johnson*, 289 U.S. at 496-97); *but see Huene v. U.S.*, 743 F.2d 703, 705 (9th Cir. 1984) (treating consolidated cases as one for purposes of permitting appeal). In this case, the complaints of the two actions are very similar, and the parties appear to favor merger. Deviation from the traditional rule is therefore proper, and the cases should be consolidated and merged.

The second issue presented by Westport and Lanco is which complaint should govern the consolidated action and whether any additional filings should be required. Westport and Lanco filed their complaint first and seek to be in the position of plaintiffs in the consolidated action. Kemper apparently does not oppose this request. Therefore, Westport and Lanco should be in the position of plaintiffs. Accordingly, Kemper's case should be consolidated and merged with Westport and Lanco's case, with the consolidated action bearing the caption of Westport and Lanco's case.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Kemper Sports Management's Motions to Consolidate Related Cases (C07-5417BHS, Dkt. 11; C07-5468BHS, Dkt. 22) are **GRANTED** as follows: *Westport Investment, LLC v. Kemper Sports Management, Inc.*, C07-5417BHS, and *Kemper Sports Management, Inc. v. Westport Investment, LLC*, C07-5468BHS, are hereby **CONSOLIDATED** and **MERGED**. All future pleadings and orders regarding these cases will be filed in *Westport Investment, LLC v. Kemper Sports Management, Inc.*, C07-5417BHS, and will bear the caption of that case. It is further

ORDER - 5

**ORDERED** that on or before December 11, 2007, Westport and Lanco shall amend their complaint to reflect the consolidation of the cases. It is further

**ORDERED** that on or before December 28, 2007, Kemper shall file its answer. Additional pleadings, if any, are due in accordance with the Local Rules of this District and with the Federal Rules of Civil Procedure.

DATED this 28th day of November, 2007.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6